UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY RAY JOHNSON, CDCR #G-58095,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER BOREAGO, CORRECTIONAL SERGEANT RODRIGUEZ, WARDEN HILL and DOES 1-25,<br><br>　　　　　　　　　　　Defendants. | Case No.:  24cv0494-JES (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff Corey Ray Johnson is a state inmate proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming his Eighth Amendment right to be free from cruel and unusual punishment was violated when the Defendants failed to protect him from assault by other inmates. ECF No. 1. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). ECF No. 2.

### I.　MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. ECF No. 2 at 4. The document shows he had an average monthly balance of $0.00 and average monthly deposits of $0.00, with an available balance of $0.00. *Id*.

The Court **GRANTS** Plaintiff's motion to proceed IFP with no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") The Court directs the Secretary of the CDCR or his designee, to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the

deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Allegations in the Complaint

Plaintiff alleges that around 6:30 p.m. on March 19, 2023, while he was about to enter the chow hall for his evening meal, he was "viciously assaulted and battered by other inmates affiliated to prison gangs." ECF No. 2 at 7. Plaintiff states he "told, advised and notified the defendant, or defendants, of the fear of being a victim of assault," but Defendant Correctional Officer Boreago "refused to take any reasonable action to protect plaintiff's safety," and the "defendants" watched the assault and made silly remarks and comments. *Id*. at 7-8. He was placed in a holding cell for over twelve hours without food, clothes, water or bathroom access. *Id*. at 8. He was then placed in Administrative Segregation as punishment. *Id*. at 9. Plaintiff alleges Defendants Warden James Hill, Correctional Sergeant Rodriguez and John Does 1-25, "failed to take all reasonable actions and knew or should have known their legal duty, responsibilities and liabilities to ensure the safety and wellbeing of the plaintiff." *Id*. at 8. He claims Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from assault. *Id*. at 9-11.

### C.  Discussion

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013). The failure of prison officials to protect inmates from attack by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner must plausibly allege "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the

inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff must plausibly allege Defendants knew he faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff alleges he "told, advised and notified the defendant, or defendants, of the fear of being a victim of assault," but Defendant Correctional Officer Boreago "refused to take any reasonable action to protect plaintiff's safety," and that the other Defendants "failed to take all reasonable actions and knew or should have known their legal duty, responsibilities and liabilities to ensure the safety and wellbeing of the plaintiff." ECF No. 2 at 7-8. There are no specific factual allegations in the Complaint regarding what Plaintiff told the Defendants about a threat to his safety or what they knew about such a threat, and therefore no plausible allegations they were aware of facts from which an inference could be drawn that Plaintiff faced a threat of assault and that they actually drew such an inference. *See Farmer*, 511 U.S. at 837 (a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

Without specific factual allegations regarding what the Defendants knew about a threat of assault to Plaintiff which plausibly allege they actually drew an inference that Plaintiff faced a serious risk of assault and failed to take appropriate steps to protect him, the Complaint does not state an Eighth Amendment claim against any Defendant. *See Leer*, 844 F.2d at 634 ("The prisoner must set forth specific facts as to each individual defendant's deliberate indifference.") Rather, the Complaint as drafted contains little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations," which are insufficient to state a claim under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 678. The same is true regarding the allegation he was placed in a cell

for twelve hours without food, clothes, water or bathroom access. *Id.*; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation in segregated housing do not plausibly allege an Eighth Amendment violation). To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) ("A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.") (internal quotation marks omitted).

Plaintiff's Eighth Amendment claim is **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D. Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. CONCLUSION

Accordingly, good cause appearing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each

1 | time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

2 |     3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

    4) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

    If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  April 4, 2024

                                                                Honorable James E. Simmons Jr.
                                                                 United States District Judge