UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY RAY JOHNSON, CDCR #G-58095,<br><br>                              Plaintiff,<br><br>vs.<br><br>BOREAGO, et al.,<br><br>                              Defendants. | Case No.: 3:24-cv-00494-JES-BJC<br><br>**ORDER DISMISSING FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE** |

On March 11, 2024, Plaintiff Corey Ray Johnson, a state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. On April 4, 2024, this action was dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) for failure to state a claim. ECF No. 3. Plaintiff was given notice of the deficiencies of his pleading, in particular that the Complaint "contains little more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations,' which are insufficient to state a claim under 42 U.S.C. § 1983." *Id*. at 5-6, quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff was instructed that an amended complaint was due on or before May 19, 2024. *Id*. at 7. Plaintiff was also instructed that if he "fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be

granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment." *Id.*, citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

On June 3, 2024, the Court granted Plaintiff's request for a 90-day extension of time to amend, and the time to amend was extended to August 20, 2024. ECF No. 8. On July 11, 2024, the Court granted Plaintiff's second request for a 90-day extension of time to amend and extended the time to amend to November 20, 2024. ECF No. 10. Plaintiff was reminded in both Orders that if he failed to timely amend the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted and his failure to prosecute. ECF No. 8 at 2; ECF No. 10 at 2. To date, Plaintiff has not filed an amended complaint.

Accordingly, the Court **DISMISSES** this action without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and for failure to prosecute. The Clerk of Court shall enter final judgment accordingly.

**IT IS SO ORDERED**.

Dated: January 10, 2025

Honorable James E. Simmons Jr.
United States District Judge